JOSEPHINE LINKER HART, Justice, dissenting. The circuit court abused its discretion in refusing to allow CSS to inquire into the valuation and methodologies use by Cen-terpoint’s appraiser, John David Stone. This evidence necessarily would have been used | lfito cross-examine Stone. The issue was simple and obvious: why did Stone not include in his real estate “compara-bles” land owned by Green, which is contiguous to CSS’s property, that he had appraised at a significantly higher value? In this quintessential “battle of the experts,” this inquiry was relevant because it could have been used to test the competence and even the credibility of Center-Point’s appraiser. Likewise, the majority is wrong to find that it was appropriate for the circuit court to exclude evidence in accordance with Rule 26 of the Arkansas Rules of Civil Procedure. While it is true that CSS failed to disclose Stone’s appraisal, as noted previously, Stone was CenterPoint’s expert. There is no indication in the record that CSS’s expert, Michael Pearce, intended to use Stone’s appraisal in the Green case as part of his methodology. Accordingly, CSS had no obligation to supplement its discovery responses. It is worth emphasizing that in light of Stone’s strikingly low appraisal of CSS’s property — approximately $200,000 lower than the appraisal by CSS’s expert — exclusion of the Green property from Stone’s list of comparable real estate, particularly when it was contiguous to CSS’s land, is a point that begged cross-examination. This case should be reversed and remanded for a new trial.